UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBBIN CROSKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV867 ERW |
| ) | |
| COUNTY OF ST. LOUIS, ) | |
| DR. MARY HASTINGS, UNKNOWN ) | |
| CORRECTIONAL OFFICERS OF ) | |
| COUNTY OF ST. LOUIS, and ) | |
| UNKNOWN MEDICAL PERSONNEL ) | |
| OF COUNTY OF ST. LOUIS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on "Plaintiff's Motion to Serve Early, Limited Discovery to Identify Unknown Defendants" [ECF No. 8].

On May 6, 2014, pursuant to 42 U.S.C. § 1983, Plaintiff Robbin Croskey filed a Complaint asserting claims against Defendants County of St. Louis ("St. Louis County"), Dr. Mary Hastings, Unknown Correctional Officers of County of St. Louis, and Unknown Medical Personnel of County of St. Louis (all defendants collectively referred to as "Defendants") [ECF No. 1]. Plaintiff's Complaint alleges she suffered injury due to Defendants' failure to provide her necessary medical care when she was an inmate in the St. Louis County Justice Center in June 2011 [ECF No. 1]. The County of St. Louis filed a Waiver of the Service of Summons, and counsel entered appearance on its behalf, on May 7, 2014 [ECF Nos. 4-6].

Plaintiff filed this Motion on May 9, 2014, requesting an Order to permit early, limited discovery prior to the Rule 26(f) conference, to identify the unknown defendants [ECF No. 8]. Plaintiff claims she has narrowed her requests for early discovery to the sole purpose of

identifying the unknown defendants, and she contends her need to name the individual defendants, and the narrow nature of her requests, outweigh any possible prejudice to St. Louis County, and will likely reduce the expense of litigation. Plaintiff asserts she has shown good cause for early, limited discovery in this case, and an Order permitting discovery prior to the Rule 26(f) conference would serve the interest of judicial economy. Plaintiff has attached "Plaintiff's Initial Discovery Requests to Defendant County of St. Louis" to her Motion [ECF No. 8-1].

St. Louis County filed its Memorandum in Opposition to Plaintiff's Motion to Serve Early Limited Discovery on May 16, 2014 [ECF No. 14]. In its Memorandum, St. Louis County submits Plaintiff's proposed discovery is much broader than stated, and is not limited to the activities included in the Complaint. St. Louis County contends there is nothing unique about the lawsuit, or Plaintiff's claims, that supports discovery at this early juncture. The Court agrees.

Federal Rule of Civil Procedure 26(d) prohibits seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Plaintiff, as the party seeking early discovery, bears the burden of demonstrating good cause, which may be found where "the need for expedited discovery, in consideration of [the] administration of justice, outweighs prejudice to [the] responding party." *Progressive Cas. Ins. Co. v. F.D.I.C.*, 283 F.R.D. 556, 557 (N.D. Iowa 2012); *see also* Fed. R. Civ. P. 26(b)(1), and (d)(1). Plaintiff has not demonstrated good cause for limited expedited discovery; and even if she had, her request is overly broad. Plaintiff's Motion will be denied, with permission to refile at a later date.

Accordingly,

identifying the unknown defendants, and she contends her need to name the individual defendants, and the narrow nature of her requests, outweigh any possible prejudice to St. Louis County, and will likely reduce the expense of litigation. Plaintiff asserts she has shown good cause for early, limited discovery in this case, and an Order permitting discovery prior to the Rule 26(f) conference would serve the interest of judicial economy. Plaintiff has attached "Plaintiff's Initial Discovery Requests to Defendant County of St. Louis" to her Motion [ECF No. 8-1].

St. Louis County filed its Memorandum in Opposition to Plaintiff's Motion to Serve Early Limited Discovery on May 16, 2014 [ECF No. 14]. In its Memorandum, St. Louis County submits Plaintiff's proposed discovery is much broader than stated, and is not limited to the activities included in the Complaint. St. Louis County contends there is nothing unique about the lawsuit, or Plaintiff's claims, that supports discovery at this early juncture. The Court agrees.

Federal Rule of Civil Procedure 26(d) prohibits seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Plaintiff, as the party seeking early discovery, bears the burden of demonstrating good cause, which may be found where "the need for expedited discovery, in consideration of [the] administration of justice, outweighs prejudice to [the] responding party." *Progressive Cas. Ins. Co. v. F.D.I.C.*, 283 F.R.D. 556, 557 (N.D. Iowa 2012); *see also* Fed. R. Civ. P. 26(b)(1), and (d)(1). Plaintiff has not demonstrated good cause for limited expedited discovery; and even if she had, her request is overly broad. Plaintiff's Motion will be denied, with permission to refile at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff's Motion to Serve Early, Limited Discovery to Identify Unknown Defendants" [ECF No. 8] is **DENIED**, with permission to refile at a later date.

Dated this   20th   day of May, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE