UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBBIN CROSKEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:14CV 00867 ERW |
| COUNTY OF ST. LOUIS, et al., | ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on "Defendant Hastings' Motion to Dismiss" [ECF No. 18].

## I.   BACKGROUND

On May 6, 2014, Plaintiff Robbin Croskey ("Plaintiff") filed a four-count Complaint for redress under 42 U.S.C. § 1983, against Defendants County of St. Louis, Dr. Mary Hastings ("Dr. Hastings"), Unknown Correctional Officers of County of St. Louis, and Unknown Medical Personnel of County of St. Louis, alleging injuries incurred while incarcerated [ECF No. 1]. Plaintiff's Complaint asserts the following Section 1983 claims: Count 1, Denial of Medical Treatment; Count 2, Failure to Intervene; Count 3, Conspiracy to Deprive Constitutional Rights; and Count 4, Supervisor Liability. Dr. Hastings is sued in her individual capacity.

Dr. Hastings filed her Motion to Dismiss on July 11, 2014 [ECF No. 18]. On July 28, 2014, the Court, finding Plaintiff failed to file a timely Response to Dr. Hastings' Motion to Dismiss, issued an Order directing Plaintiff to show cause, no later than August 4, 2014, why Dr. Hastings' motion should not be granted [ECF No. 20]. Plaintiff responded to the Court's Show

Cause Order by filing "Plaintiff's Response to Defendant's Motion to Dismiss" on August 4, 2014 [ECF No. 21].

## II. LEGAL STANDARD: MOTION TO DISMISS

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual

allegation.@ *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. STATEMENT OF FACTS

For purposes of this Motion to Dismiss, the following pertinent facts, as alleged in Plaintiff's Amended Complaint and contained in exhibits incorporated therein, are accepted as true.

Plaintiff, a resident of Atlanta, Georgia, is a forty-six-year-old mother of three children. Plaintiff was arrested on June 1, 2011, and was remanded to the custody and control of the St. Louis County Department of Justice Services. At the time of her arrest, Plaintiff was approximately four weeks pregnant. Medical personnel were made aware of her pregnancy when Plaintiff was delivered to the St. Louis County Jail. Between June 1 and 16, 2011, Dr. Hastings was employed by the St. Louis County Department of Justice Services to provide medical services to inmates, including Plaintiff.

Plaintiff was taken to Barnes Jewish Hospital on June 1, 2011, for treatment of abdominal cramping, vaginal discharge, and dizziness. Doctors released Plaintiff with orders for further care. Specifically, they ordered she return to the hospital within forty-eight hours, or immediately if she suffered any vaginal bleeding.

For seven days following her discharge from the hospital, Plaintiff suffered vaginal bleeding and abdominal cramping. Defendants knew, or should have known, Plaintiff needed medical attention to treat her pregnancy complications. After Plaintiff's return from the hospital, Defendants reached an agreement to deny Plaintiff necessary medical attention, and in furtherance of the conspiracy, each co-conspirator committed overt acts and was an otherwise willful participant in joint activity.

Defendants did not provide Plaintiff medical treatment.  Defendants in a supervisory capacity knew about this conduct and facilitated, approved, condoned, or turned a blind eye to it.  Plaintiff needed emergency medical attention on June 9, 2011.  She received treatment at Barnes Jewish Hospital, and remained in the hospital until June 10, 2011.  Plaintiff suffered pain, emotional distress, and injury, and she ultimately miscarried her child.  Plaintiff has now developed a permanent medical condition, which prevents her from carrying a child to term without the risk of birth defects.  Defendants had a reasonable opportunity to prevent the harm, but stood by without intervening.

As a matter of widespread practice, correctional officers and medical personnel of the St. Louis County Department of Justice Services disregard the medical needs of inmates in a matter similar to that alleged by Plaintiff.  As a matter of both policy and practice, the St. Louis County Department of Justice Services fails to adequately punish and discipline prior instances of similar misconduct.  County policy-makers are aware of, and condone and facilitate by their inaction, this code of conduct in the Department.  St. Louis County, having actual knowledge, has failed to act to remedy the patterns of abuse.

### IV.    DISCUSSION

In her Motion to Dismiss, Dr. Hastings contends Plaintiff's Complaint fails to plead facts with sufficient clarity or specificity to state a claim under any of its Section 1983 counts, and Dr. Hastings moves for dismissal pursuant to Federal Rule of Civil Procedure 12 (b)(6) [ECF Nos. 18, 19]. Specifically, she asserts Plaintiff failed to provide facts showing Dr. Hastings, through deliberate conduct, was the moving force behind the injuries alleged; had a reasonable opportunity to intervene, but failed to do so; or authorized the alleged misconduct.  Dr. Hastings also argues Plaintiff's claims against her are barred by the doctrine of qualified immunity,

because Plaintiff cannot allege Dr. Hastings' involvement in her care was anything other than the exercise of medical discretion and decision-making.

As to Plaintiff's first count, Denial of Medical Treatment, Dr. Hastings contends Plaintiff makes no fact-specific allegations identifying the medical treatment that Dr. Hastings should have rendered, when it should have been performed, or how such treatment would have prevented the miscarriage of Plaintiff's pregnancy. Dr. Hastings further contends Plaintiff fails to allege what Dr. Hastings knew, when she knew it, and what she could have done to intervene that would have altered the outcome of Plaintiff's pregnancy.

In her Response, Plaintiff first asserts Dr. Hastings was a medical doctor providing treatment to inmates during Plaintiff's incarceration. Plaintiff further alleges the fact of Plaintiff's pregnancy was known to jail staff and medical personnel immediately upon her arrival. She argues that, as a medical provider for inmates, Dr. Hastings knew, or should have known, Plaintiff was pregnant. Plaintiff alleges she required medical treatment for pregnancy conditions upon her admission to the jail on June 1, 2011, and she argues this alerted medical personnel and correctional staff to Plaintiff's medical condition, her pregnancy complications and the ongoing need for observation and treatment. She alleges doctors from Barnes Hospital ordered specific follow-up care and Defendants did not provide her medical treatment. She argues that she "exhibited plain and obvious symptoms of an objectively serious medical condition for seven days and Dr. Hastings made no attempt to treat those symptoms" [ECF No. 21 at 4-5]. Plaintiff contends the Complaint's factual allegations, taken in the light most favorable to her, allow the Court to conclude Dr. Hastings knew, or should have known, Plaintiff required treatment.

Denying access to medical care may constitute deliberate indifference to an inmate's serious health care needs. *Vaughan v. Lacey,* 49 F.3d 1344, 1346 (8th Cir. 1995). Pretrial detainees' claims for deliberate indifference are evaluated under the Fourteenth Amendment. *Kitchen v. Miller*, 343 F.Supp.2d 820, 823 (E.D. Mo. 2004). Because pretrial detainees are "entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment[,]" the Eighth Amendment deliberate indifference analysis is applied to their claims. *Id*.

To prevail on an Eighth Amendment deliberate indifference claim against Dr. Hastings, Plaintiff must show: 1) she suffered from an objectively serious medical need, and 2) Dr. Hastings knew of the need, but deliberately disregarded it. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Plaintiff alleges that she was approximately four weeks pregnant, and was taken to the hospital for treatment of abdominal cramping, vaginal discharge and bleeding. Plaintiff further alleges she suffered vaginal bleeding and abdominal cramping for seven days following her discharge from the hospital, required emergency medical attention, ultimately miscarried her child, and developed a permanent medical condition that prevents her from carrying a child to term without the risk of birth defects. Assuming all facts alleged in the Complaint as true, the Court finds Plaintiff has sufficiently alleged she suffered from an objectively serious medical need. Nevertheless, drawing all reasonable facts and inferences in Plaintiff's favor, the Court finds her Complaint is insufficient to state a deliberate indifference claim against Dr. Hastings. Plaintiff has not alleged any specific facts to show that Dr. Hastings unconstitutionally interfered with, or denied Plaintiff any form of medical treatment. Other than alleging Dr. Hastings was employed by the St. Louis County Department of Justice Services to provide medical services to inmates, the Complaint lacks any fact-specific allegations regarding

Dr. Hastings' knowledge of Plaintiff's serious medical need, when she acquired the knowledge, what medical treatment she rendered or should have ordered, or Dr. Hastings' intentional delay or denial of treatment. The Court finds that, as to Dr. Hastings, Plaintiff's first count, Denial of Medical Treatment, fails to state a claim upon which relief may be granted.

Plaintiff's second count, a claim for Failure to Intervene, alleges generally that "one or more of the Defendants stood by without intervening to prevent the denial of Plaintiff's access to medical care." Dr. Hastings correctly asserts the Eighth Circuit has not recognized a duty to intervene, except in the context of the use of excessive force. *See Hess v. Ables*, 714 F.3d 1048, 1052 (8th Cir. 2013) ("[W]e recently held that, outside of the excessive force context, there is no clearly established law regarding a duty to intervene to prevent constitutional violations."); *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012) (although law enforcement officers who know another officer is using excessive force have duty to intervene, the Eighth Circuit has not recognized duty to intervene to prevent other constitutional violations). Consequently, this claim against Dr. Hastings fails. *See Livers*, 700 F.3d at 360. (defendants entitled to qualified immunity where conduct did not violate clearly established law). The Court declines Plaintiff's invitation to extend this duty to other constitutional violations. The Court will dismiss, as to Dr. Hastings, Plaintiff's second claim, "Failure to Intervene."

Dr. Hastings contends the Conspiracy-to-Deprive-Constitutional-Rights claim, asserted in the third count of Plaintiff's Complaint, fails to identify Dr. Hastings' involvement in developing the alleged conspiracy agreement; the medical attention denied to Plaintiff; and, again, how such medical attention would have altered the outcome. Dr. Hastings further claims Plaintiff makes conclusory allegations that each of the "co-conspirators committed overt acts," but fails to describe the acts, or identify Dr. Hastings' participation in them.

Proving Section 1983 civil conspiracy claims requires plaintiffs to show: 1) two or more individuals; 2) an object to be accomplished; 3) a meeting of the minds as to the object or course of action to pursue; 4) the commission of one or more unlawful overt acts; and 5) damages proximately resulting from the conspiracy. *Livers*, 700 F.3d at 360-61. When defendants conspire to deprive a plaintiff of constitutional rights, each conspirator is jointly liable for acts committed by his or her co-conspirators in furtherance of the conspiracy. *Id.* at 360. Typically, evidence of an agreement to violate an individual's constitutional rights is circumstantial. *Id.* at 361.

The Complaint's conspiracy count alleges that, after Plaintiff returned to the St. Louis County Jail, "the Defendants reached an agreement amongst themselves to deny Plaintiff necessary medical attention, and to thereby deprive Plaintiff of her constitutional rights." The Complaint further alleges the Defendants acted in concert with other unknown co-conspirators to accomplish an unlawful purpose and committed overt acts in furtherance of the conspiracy, or were otherwise willful participants in joint activity. Plaintiff contends these allegations sufficiently establish the elements of her conspiracy claim, because they allege two or more persons agreed, overtly or tacitly, to deny Plaintiff necessary medical care, and, in failing to take certain actions, committed an unlawful act. She argues the existence of an agreement between Dr. Hastings and other medical and correctional staff can be inferred from circumstantial evidence, and the continued constitutional violation by more than one person working for the jail allows for an inference that Dr. Hastings and others tacitly agreed to an unlawful end. Finally she contends the damages element is satisfied with her allegation that the failure to provide medical care resulted in her injury.

A complaint setting forth only vague, conclusory, or general allegations that the defendants engaged in a conspiracy cannot withstand a Rule 12(b)(6) motion to dismiss. *See Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988) ("A plaintiff must allege with specific material facts that the parties reached some agreement and conspired together to deprive plaintiff of a federal right." (internal quotations and citation omitted)); *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974)("Broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under § 1983.").

Plaintiff's conspiracy claim against Dr. Hastings lacks an arguable basis in fact because it fails to allege facts suggesting a mutual understanding or meeting of the minds. Moreover, the Complaint's allegations provide no factual support indicating what overt acts the alleged co-conspirators committed, or in what joint activity they engaged. In sum, the conspiracy claim Plaintiff asserts against Dr. Hastings consists of "bare bones," generic allegations that fail to distinguish between the defendants, and that describe legally and factually unsupported claims. The Court will dismiss, as to Dr. Hastings, the Complaint's third count, "Conspiracy to Deprive Constitutional Rights."

Finally, concerning Plaintiff's fourth count, a claim for Supervisor Liability, Dr. Hastings argues the Complaint does not identify her as a supervisor, or identify any specific conduct or duties that would constitute supervisory action or responsibilities on her behalf. Dr. Hastings further argues that Plaintiff asserts conclusory allegations about the collective defendants' liability as supervisors, but fails to allege any facts showing Dr. Hastings functioned in a supervisory capacity, formulated policy, trained other staff, or directed the conduct of others, in this case, or generally. This Court agrees.

"In the section 1983 context, supervisor liability is limited." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Liability attaches only when the supervisor is personally involved in the constitutional violation, or his corrective inaction constitutes deliberate indifference to the misconduct. *Id.* ("The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [she] might see." (internal quotations and citations omitted)). A supervisor may be liable under § 1983 if she: 1) received notice of a pattern of unconstitutional acts committed by subordinates; 2) was deliberately indifferent to or tacitly authorized those acts; and 3) failed to take sufficient remedial action; 4) proximately causing injury to a plaintiff. *Livers*, 700 F.3d at 355. To establish deliberate indifference, a plaintiff must allege the supervisor had notice that inadequate training procedures and supervision likely would violate a plaintiff's constitutional rights. *Id.* at 355-56.

Plaintiff argues that Dr. Hastings' position as a medical doctor defines her role as a supervisor. She further argues Dr. Hastings possessed knowledge of Plaintiff's medical condition and progressively worsened symptoms, but failed to provide treatment. Plaintiff contends the denial of care occurred as a result of Dr. Hastings's failure to act, and Plaintiff argues Dr. Hastings was in a superior position to other correctional staff in the area of providing care to inmates, and "[h]er ability to direct, administer, and control the care differentiates her from correctional staff and renders her a supervisor" [ECF No. 21 at 12].

The Court finds Plaintiff's Complaint fails to allege specific non conclusory facts sufficient to raise a claim of supervisory liability against Dr. Hastings. In fact, the Complaint does not even identify Dr. Hastings as a supervisor or policy maker; much less does it indicate any personal responsibility or involvement constituting deliberate indifference. The Court will dismiss, as to Dr. Hastings, the Complaint's fourth count, "Supervisor Liability."

Accordingly,

**IT IS HEREBY ORDERED** that "Defendant Hastings' Motion to Dismiss" [ECF No. 18] is **GRANTED**. All claims against Dr. Hastings are **DISMISSED without prejudice**, for failure to state a claim.

So Ordered this 13th day of August 2014.

                                                                    *E. Richard Webber*
                                                                    **E. RICHARD WEBBER**
                                                                    **SENIOR UNITED STATES DISTRICT JUDGE**