UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBBIN CROSKEY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:14CV00867 ERW |
| | ) |
| COUNTY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant St. Louis County's Motion for Leave to Substitute Expert Witness [ECF No. 39], Plaintiff's Motion to Compel against Defendant St. Louis County [ECF No. 41], Plaintiff's Motion for Extension to Complete Discovery and Leave to Designate Expert Witness [ECF No. 43], Plaintiff's Motion for Leave to Endorse Dr. Rebecca A. Bavolek, M.D. as Expert Witness [ECF No. 48], Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 50], and Plaintiff's Motion for Extension of Time to File Replies [ECF No. 63].

**I.    BACKGROUND**

In her complaint, Plaintiff Robbin Croskey ("Plaintiff") makes the following allegations [ECF No. 1].[1] Plaintiff was arrested on June 1, 2011, and was remanded into the custody of St. Louis County Department of Justice Services until June 16, 2011. At the time of her arrest, Plaintiff was approximately four weeks pregnant. On June 1, 2011, Plaintiff was taken to Barnes Jewish Hospital to treat abdominal cramping, vaginal discharge, and dizziness. She was ordered

---
[1] The Court does not take these allegations as true but simply states them here because several of the motions at issue depend on the allegations.

1

to be returned to the hospital within forty-eight hours and immediately if she suffered any bleeding. Plaintiff suffered vaginal bleeding and abdominal cramping for several days before being taken to the hospital on June 9, 2011, where she suffered a miscarriage. In her original complaint, Plaintiff asserts four counts against Defendant St. Louis County: denial of medical care, failure to intervene, conspiracy to deprive constitutional rights, and supervisory liability.

## II. DISCUSSION

### A. *Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 50]*

When a party seeks to amend a pleading after the deadline in the applicable case management order has passed, the request implicates both Federal Rule of Civil Procedure 15 and 16. Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 16(b) and 15(a). The FRCP Rule 16(b) good-cause standard should be applied first, then the "when justice so requires" standard of Rule 15(a) is applied. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Good cause requires a change in circumstance, law, or newly discovered facts. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). If a party has been diligent in meeting the scheduling order's deadlines, the Court should then decide if the amendment is proper under Rule 15(a) including if there is prejudice to the other parties. *Id.*, at 716-17.

Plaintiff seeks to amend her complaint to add additional defendants and new claims. Plaintiff adds St. Louis University, Mary Hastings, Amanda Hunt, and Monica Wolf as defendants. Plaintiff also seeks to add a significant number of new allegations regarding the actions of jail employees and regarding the administration of RhoGAM shots, which are to be

taken during a current pregnancy to prevent harmful effects in future pregnancies. Plaintiff's amended complaint includes three counts pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment: denial of medical care, violation of civil rights, and violation of civil rights respondeat superior.

The standards of Rule 15 and 16 have not been met by Plaintiff. Several deadlines in the Case Management Order have passed. These deadlines are important for the just and efficient adjudication of claims, for both plaintiffs and defendants. The Case Management Order was already amended in this matter after Plaintiff obtained present counsel. The case has been pending since May 2014, the time period for amending pleadings has long passed, and the period for discovery closed on September 15, 2015. Although there was much discussion on Plaintiff's counsel's medical condition at the hearing on these matters, it has no bearing on the Court's ruling. Plaintiff proposes at this late stage to bring in additional parties and assert entirely new claims against the existing parties. This would effectively restart the litigation. Additionally, the Court has examined the merits of Plaintiff's new claims and finds them far too attenuated to allow such an amendment at this late juncture. A district court may deny a motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman*, 532 F.3d at 717. (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). The Court adopts Defendant's argument the amendment lacks merit and will be prejudicial to Defendant. The Court denies Plaintiff's request to file an amended complaint.[2]

---

[2] The Court will be issuing a revised case management order to extend the deadlines for dispositive motions due to the disposition of the motions discussed in this order.

B.  *Defendant's Motion for Leave to Substitute Expert Witness [ECF No. 39]*

Defendant St. Louis County seeks leave to substitute its expert witness, Dr. Mary Hastings, who was Plaintiff's treating physician at the time of the events at issue, for Dr. Jade James, who Defendant's currently endorsed, non-retained expert witness. The Court will grant Defendant's motion. The Court finds no substantial prejudice to Plaintiff because a deposition was not taken of Dr. James and the opinions of the two witnesses are identical. The Court will grant Plaintiff leave to take Dr. Hastings deposition, if requested.

C.  *Plaintiff's Motion to Compel [ECF No. 41]*

Plaintiff asks the Court to order Defendant to answer interrogatories No. 10 and 11 of Plaintiff's second set of interrogatories, in writing and under oath. Defendant's original answer to these interrogatories refers Plaintiff to the medical charts. The Court will grant Plaintiff's request. Defendant shall fully answer Plaintiff's interrogatories, without simply referencing the medical chart within twenty days of this order.

D.  *Plaintiff's Motion for Extension of Time to Complete Discovery and Leave to Designate an Expert Witness [ECF No. 43]*

Plaintiff requests additional time to conduct discovery and depose two additional employees of Defendant, as well as leave to designate an expert witness on the effects of failing to receive RhoGAM shots. The Court will grant Plaintiff's requests. The parties are granted an additional forty-five days from the date of this order to complete discovery. Plaintiff shall endorse an expert witness within twenty days of this order, should she still wish to do so.[3] A deposition of this expert shall be completed within the additional forty-five days allowed for discovery.

---

[3] The Court understands the requested expert witness designation applied to a claim Plaintiff wished to assert, but was denied by the Court's ruling on Plaintiff's Motion for Leave to File an Amended Complaint.

E.  *Plaintiff's Motion for Leave to Endorse Dr. Rebecca A. Bavolek, M.D. as Expert Witness [ECF No. 48]*

Plaintiff requests leave to endorse Dr. Rebecca Bavolek, the emergency room doctor who treated Plaintiff, as an expert witness. Dr. Bavolek's deposition was taken on August 28, 2015, in which she expressed several opinions. The Court will grant Plaintiff's request. Plaintiff shall immediately notify defense counsel of the exact opinions from the deposition for which Plaintiff would like to have Dr. Bavolek as an expert witness. Should Defendant wish to do so, Defendant may depose Dr. Bavolek a second time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis County's Motion for Leave to Substitute Expert Witness [ECF No. 39] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel against Defendant St. Louis County [ECF No. 41] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension to Complete Discovery and Leave to Designate Expert Witness [ECF No. 43] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Endorse Dr. Rebecca A. Bavolek, M.D. as Expert Witness [ECF No. 48] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 50] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Replies [ECF No. 63] is **DENIED, as moot**.

So Ordered this 8th day of October, 2015.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**